Training Schools — Children — Non-Return 1. The failure of a parent to return his child to a State School for Boys after checking said child out under an Oklahoma Public Welfare Commission Policy of permitting parents to check their children out on Sundays and take them off of campus for a period not to exceed one-half day does not constitute "Contributing to the Delinquency of a Minor" as provided in 21 O.S. 856 [21-856] (1961). 2. The failure of a parent to return his child to a State School for Boys after checking said child out under an Oklahoma Public Welfare Commission Policy of permitting parents to check their children out on Sunday and take them off of campus for a period not to exceed one-half day is not a violation of the criminal statutes of the State of Oklahoma. The Attorney General has had under consideration your letter of December 1, 1969, wherein you, in effect, ask: 1. Has a parent who checked his child out of a State School for Boys under a commission policy of permitting parents to check their children out on Sundays and take them off of campus for visiting for a period not to exceed one-half day and who failed to return said child to school violated 21 O.S. 856 [21-856] (1961), by contributing to the delinquency of a minor? 2. Dc the acts of the parent set forth above constitute an offense under the criminal statutes of the State of Oklahoma? In response to your first question, we direct your attention to 21 O.S. 856 [21-856] and 21 O.S. 857 [21-857] (1961) which provide in pertinent part as follows: "Section 856. Every person who shall knowingly or wilfully cause, aid, abet or encourage a minor to be, to remain, or to become a delinquent child, as defined herein, shall for the first offense, be guilty of a misdemeanor. . . ." (Emphasis added) "Section 857. Definitions. "4 `Delinquent child' as used in this Act, shall include a minor, as herein defined, who shall have been or is violating any penal statute of this State, or who shall have been or is committing any one or more of the following acts, to-wit: a. Associating with thieves, vicious or immoral persons. b. Frequenting a house of ill repute. c. Frequenting any policy shop, or place where any gambling device is operated. d. Frequenting any saloon, dram shop, still, or any place where intoxicating liquors are manufactured, stored or sold. e. Possession, carrying, owning or exposing any vile, obscene, indecent, immoral or lascivious photograph, drawing, picture, book, paper, pamphlet. image, device, instrument. figure or object. f. Wilfully, lewdly or lasciviously exposing his or her person, or private parts thereof, in any place, public or private, in such manner as to be offensive to decency, or calculated to excite vicious or lewd thoughts, or for the purpose of obscene, indecent or lascivious photographs. pictures, figures or objects. g. Possessing, transporting, selling, or engaging or aiding or assisting in the sale, transportation or manufacture of intoxicating liquor, or the frequent use of the same. h. Using, possessing, administering, transporting or selling narcotic drugs in violation of the Uniform Narcotic Drug Act of this State, as the same is now or may hereafter be amended. i. Using, possessing, transporting, or in any manner assisting in the cultivation, manufacture, sale or disposition of marijuana, also known as Cannabis sativa, or any compounds or derivatives thereof." Section 21 O.S. 857 [21-857] specifically enumerates the acts which constitute "delinquency" for the purposes of this statute. There is nothing in the fact situation which you presented to indicate that the parent was causing, aiding, abetting or encouraging his child to violate a penal statute of this State or to commit any of the acts enumerated above. It is, therefore, the opinion of the Attorney General that the failure of a parent to return his child to a State School for Boys after checking said child out under an Oklahoma Public Welfare Commission Policy of permitting parents to check their children out on Sundays and take them off of campus for a period not to exceed one-half day does not constitute "Contributing to the Delinquency of a Minor" as provided in 21 O.S. 856 [21-856] (1961). A careful review of the criminal statutes of the State of Oklahoma has been made, and none have been discovered which are applicable to the fact situation set forth in your letter. It is therefore, the opinion of the Attorney General that the failure of a parent to return his child to a State School for Boys after checking said child out under an Oklahoma Public Welfare Commission policy of permitting parents to check their children out on Sunday and take them off of campus for a period not to exceed one-half day is not a violation of the criminal statutes of the State of Oklahoma. (Robert H. Macy)